**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD SHARIFUL ISLAM SHARIF,

     Petitioner,

v.                                  No. 1:26-cv-00602-DHU-KK

MARY DE ANDA-YBARRA, in her official capacity as
Director of the El Paso Field Office for the U.S.
Immigration and Customs Enforcement and Removal
Operations; KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of Homeland Security;
TODD LYONS, in his official capacity as Acting
Director of the Immigration and Customs Enforcement; and
PAMELA BONDI, in her official capacity as Attorney General
of the United States; and WARDEN OF THE TORRANCE
COUNTY DETENTION CENTER,

     Respondents.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

THIS MATTER is before the Court on Petitioner Mohammad Shariful Islam Sharif's *pro se* Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

**I.**
**BACKGROUND**

Petitioner is a noncitizen who entered the United States on December 14, 2024, and was subsequently detained by immigration officials. *Id.* at 8.

On January 25, 2025, Petitioner was issued a Notice to Appear and placed in removal proceedings. *Id.*

In November or December 2025, an Immigration Judge entered an Order of Removal. *Id.* On December 19, 2025, Petitioner timely appealed the Order of Removal. *Id.* At some point, Petitioner's Order of Removal became final.

1

On February 27, 2026, Petitioner filed the instant Petition, challenging his immigration detention as unlawful and prolonged. *See* Doc. 1 at 9-17, 21. He asks the Court to order Respondents to immediately release him from custody or, alternatively, order Respondents to provide him with a bond hearing. *Id.* at 21.

On March 12, 2026, Respondents filed a Motion to Dismiss the Petition ("Motion"). Doc. 7. In the Motion, Respondents notify the Court that, on February 26, 2026, Petitioner was removed from the United States. *Id.* at 2. Respondents argue that, due to Petitioner's removal, there is no longer a dilemma for this Court to review or rule upon. *Id.* at 3. They ask the Court to dismiss this case for lack of jurisdiction. *Id.* at 3.

## II.
## LEGAL STANDARDS

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S.Ct. 2491 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." (internal quotation marks and citation omitted)).

Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

### III.
### BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his immigration detention and requests his release from immigration custody or, alternatively, a bond hearing. Doc. 1 at 9-17, 21. As Petitioner was removed from the United States on February 26, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release.").

3

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner Mohammad Shariful Islam Sharif's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE